

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2007

# Leckey v. Stefano

Precedential or Non-Precedential: Precedential

Docket No. 06-3161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Leckey v. Stefano" (2007). *2007 Decisions.* Paper 2.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/2

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-2483, 06-3161 & 06-3162

_____

JANICE B. LECKEY; JANICE B. LECKEY,
Executrix of the Estate of Evelyn O. Knapp,
a/k/a Evelyn Olliffe Knapp, Deceased also
known as JANICE BURGER LECKEY

Appellant

v.

PAUL W. STEFANO; FRANK W. JONES,
Administrators of the Estate of William
E. Knapp, Deceased, and Trustees of the
Insurance Trust of William Knapp, deceased

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 95-cv-00108)
District Judge: Honorable David S. Cercone

_____

Argued April 24, 2007

Before: McKEE and AMBRO, <u>Circuit Judges</u>
ACKERMAN,[*] <u>District Judge</u>

(Opinion filed August 31, 2007)

William R. Caroselli, Esquire
Caroselli, Beachler, McTiernan & Conboy
312 Boulevard of the Allies

_____

[*] Honorable Harold A. Ackerman, United States District Judge for the District of New
Jersey, sitting by designation.

8th Floor
Pittsburgh, PA   15222

Edward C. Leckey, Esquire (Argued)
1034 Fifth Avenue
Pittsburgh, PA   15219

      Counsel for Appellant

David A. Strassburger, Esquire (Argued)
Harry F. Kunselman, Esquire
Strassburger, McKenna, Gutnick & Potter
444 Liberty Avenue
Suite 2200 Four Gateway Center
Pittsburgh, PA   15222

      Counsel for Appellee

Mary Beth Buchanan
  United States Attorney
Eileen J. O'Connor
  Assistant Attorney General
Kenneth L. Greene, Esquire
Michelle B. Smalling, Esquire (Argued)
Department of Justice, Tax Division
Post Office Box 502
Washington, D.C.   20044

      Counsel for Amicus Curiae
      Commission of Internal Revenue


## ORDER  AMENDING  PRECEDENTIAL  OPINION

AMBRO, *Circuit Judge*

    It is now ordered that the published Opinion in the above case filed August 31, 2007, be amended as follows:

    On page 10, in the first sentence of footnote 7, insert "claim" between "§ 1132(a)(1)(B)" and "because" so that the sentence reads:

2

In her brief, Leckey appears to abandon her § 1132(a)(1)(B) claim because it would be futile to sue a plan that no longer has any assets.

On page 25, in the sixth line of footnote 10, change "Jun. 6, 2007" to "June 6, 2005" so that the citation reads:

*Leckey v. Stefano (Leckey II)*, No. 95-108 (W.D. Pa. June 6, 2005), at 4.

On page 26, in the tenth line of the footnote, change "Par. 26" to "Apr. 26" so that the citation reads:

*Leckey v. Stefano (Leckey I)*, No. 95-108 (W.D. Pa. Apr. 26, 2004), at 21 (granting in part and denying in part cross-motions for summary judgment).

On page 33, in line 10, change the comma after "*Mass*" to a period so that the citation reads:

*Mass. Mut. Life Ins. Co.*, 473 U.S. at 147.

On page 33, in the third line from the bottom of the page, delete "(8th Cir.1995)" so that the citation reads:

*Roth*, 61 F.3d at 603.

On page 38, in the seventh line from the bottom of the page, change "If the plan contain" to "If the plan contained" so that the sentence reads:

If the plan contained a qualified annuity requirement, William died after illegally removing assets from the Trust, and so the proper remedy for this 29 U.S.C. § 1132(a)(2) violation is to restore those assets.

On page 39, line 8, change "1113(a)" to "1113" so that the citation reads:

29 U.S.C. § 1113.

On page 39, lines 11–12, change "29 U.S.C. § 1113(c)" to "*Id.*"

On page 44, lines 1–2, change "the William's estate" to "William's estate" so that the sentence reads:

Here, Leckey alleges that the funds wrongfully withdrawn from the Pension

Trust were deposited in a Charles Schwab brokerage account that is currently an asset of William's estate (and thus under the control of the nominal defendants).

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: December 21, 2007
CRG/cc: William R. Caroselli, Esq.
      Edward C. Leckey, Esq.
      Kenneth L. Greene, Esq.
      Michelle B. Smalling, Esq.
      David A. Strassburger, Esq.
      Harry F. Kunselman, Esq.

4